**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

THOMAS S. HILL,

                Plaintiff,

v.                                CIVIL  ACTION  NO.  3:07-0728

JOHN ALDEN LIFE INSURANCE COMPANY,
BELINDA CALL, an individual, and
INSURANCE SYSTEMS, INC.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court are two motions by the parties.  Plaintiff, Thomas Hill, has filed a motion for remand.  (Doc. 5).  Defendants Belinda Call and Insurance Systems, Inc. have filed a motion to dismiss.  (Doc. 36).  For the reasons explained below, Plaintiff's motion to remand is **DENIED**; Belinda Call and Insurance Systems, Inc's motion to dismiss is **GRANTED**.

**Background**

**I.**     **Relevant Facts**

This action arises out of defendant John Alden Life Ins. Co.'s ("John Alden's") decision to deny insurance coverage for the treatment of plaintiff's spinal cord lipoma.  On December 7, 2006, Mr. Hill purchased a short-term medical policy issued by John Alden.  Mr. Hill purchased that policy through Insurance Systems, Inc. ("Insurance Systems").  He dealt directly with Ms. Belinda Call, who completed the online application in his presence.  By its terms, the policy provided coverage for Mr. Hill from December 8, 2006 though February 28, 2007.

On February 8, 2007, doctors referred the plaintiff to Saint Francis Hospital for treatment of severe back pain and associated right foot drag.  An MRI revealed a mass in his thoracic spine. On February 13, 2007, doctors diagnosed Mr. Hill with spinal cord lipoma.  He underwent surgery to correct the condition on February 24, 2007.

On June 8, 2007, the plaintiff learned that John Alden had refused to pay for treatment based on a pre-existing condition exclusion in the policy.  Apparently, a note in his medical records indicated that Mr. Hil suffered from back pain in the past.  Mr. Hill claims, however, that he experienced only periodic back pain in the past and no medical professional had recommended treatment prior to his enrollment with John Alden's insurance policy.  According to Mr. Hill, the severe pain and foot drag associated with his February 8th referral to Saint Francis Hospital constituted a new condition not subject to the pre-existing injury exclusion.

## II.    Procedural History

The plaintiff's complaint raises four causes of action.  First, the plaintiff alleges breach of contract against John Alden.  Second, the plaintiff alleges that he had a reasonable expectation of insurance coverage and complains that all Defendants are liable for breaching that expectation. Next, Plaintiff alleges common law bad faith against John Alden.  Finally, the plaintiff alleges a statutory unfair claim settlement practices count against all Defendants under West Virginia Code § 33-11-4.

Plaintiff's complaint was originally filed in the Circuit Court of Cabell County, West Virginia.  Defendants removed to this Court upon allegations of fraudulent joinder.  At the time a Charles Robinson was named as the insurance agent who sold John Alden's short-term medical policy to Mr. Hill.  Plaintiff filed a motion to remand, then realizing he had named Charles Robinson

in error, made a motion to amend his complaint.  On January 11, 2008, the Court granted the motion to amend, allowing the plaintiff to substitute Belinda Call and Insurance Systems for Charles Robinson.  The motion for remand was held in abeyance.  More recently, defendants Belinda Call and Insurance System filed a motion to dismiss.  The Court will first address the motion to remand (to determine whether it has jurisdiction), then address the motion to dismiss.

**Discussion**

**I.      Defendants Belinda Call and Insurance Systems Were Fraudulently Joined.**

Plaintiff's motion to remand must be granted unless the defendants demonstrate that non-diverse parties in the action were fraudulently joined.  To do so defendants may either show "outright fraud in the plaintiff's pleading of jurisdictional facts" or demonstrate that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  *Hartley v. CSC Transp., Inc.* 187 F.3d 422, 424 (4th Cir. 1999) (internal citations omitted; emphasis in original).  Defendants must cross a high hurdle in order to show fraudulent joinder.  *Id.*  The  applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Id.*

Although the party asserting fraudulent joinder bears a heavy burden, the defendants here have successfully carried it.  Defendants have shown that the law of West Virginia will not permit recovery from defendants Belinda Call and Insurance Systems. In alleging a claim for reasonable expectation of insurance coverage the plaintiff has stretched the doctrine well beyond even the broadest judicial interpretations (interpretations whose current validity is in question).  Plaintiff has also failed to make a claim under the West Virginia Unfair Trade Practices Act.

A.      *Plaintiff Cannot Recover on a Claim for Reasonable Expectation of Insurance Coverage Against Either Belinda Call or Insurance Systems, Inc.*

The doctrine of reasonable expectation of insurance coverage ensures that "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." Syl. Pt. 8, *National Mut. Ins. Co. v. McMahon & Sons, Inc.* 356 S.E.2d 488 (W.Va. 1987), *overruled on other grounds by Potesta v. U.S. Fidelity & Gaur. Co.*, 504 S.E.2d 135 (1998). Traditionally, the West Virginia Supreme Court held that the doctrine applied only to situations in which the language of the policy was ambiguous. *Id.* at 496. The court has, however, extended the doctrine on two occasions where it did not find the terms of the policy to be ambiguous. *See Keller v. First National Bank*, 403 S.E.2d 424 (W.Va. 1991); *Costello v. Costello*, 465 S.E.2d 620 (W.Va. 1995).

In *Keller,* the decedent, Mrs. Keller, had purchased a credit life insurance policy, offered by Integon Life Insurance, in conjunction with a loan she obtained from First National Bank. *Keller,* 403 S.E.2d at 425-26. The original terms of the loan and insurance policy were for a single year. *Id.* At the end of that year, the bank issued a renewal note which included both the loan and the insurance policy. *Id.* The bank, however, knew about the deteriorating health of Mrs. Keller, and had erred when it renewed the insurance policy. *Id.* To correct its error, the bank cancelled the life insurance policy. It never informed Mrs. Keller's husband of the cancellation. *Id.* Reviewing these facts, the West Virginia Supreme Court reversed the trial court's dismissal of claims for insurance proceeds and remanded for further factual development surrounding the reasonable expectations doctrine. *Id.* at 431. In doing so, the Court explained it was correcting a typical insurance situation in which the customer pays on a policy that doesn't actually exist. *Id.* at 427. The insurance company always wins in such a situation – if no claim for coverage is made then the premiums are

-4-

retained, if a claim is made the insurance company simply explains that no policy existed. *Id.* To rectify the situation the court held, "[i]n order to eliminate an insured's doubt about coverage, we find that once an insurer creates a reasonable expectation of insurance coverage, the insurer must give the coverage or promptly notify the insured of the denial." *Id.*

The plaintiff in *Costello* was injured in a motorcycle accident when she collided with an underinsured driver. 465 S.E.2d at 622. The plaintiff's medical bills exceeded the amount available through the underinsured driver provision on the motorcycle. *Id.* To make up the difference, the plaintiff tried to apply insurance coverage from a van she owned jointly with her husband. *Id.* The insurance company denied the claim from the van's coverage, however, because she and her husband were separated and living apart at the time. *Id.* The plaintiff claimed that at the time of purchase, the insurance agent had told both her and her husband they would receive identical coverage but only her husband was named on the policy. *Id.* The West Virginia Supreme Court ordered a retrial so that the plaintiff could advance the claim for recovery under the reasonable expectation of coverage doctrine. *Id.* at 625.

Defendants contend that the extension of the doctrine for reasonable expectation of insurance coverage, recognized in *Keller* and *Costello*, has been implicitly overruled by the West Virginia Supreme Court. The court did in fact hold, one year after deciding *Costello*, that "[before] the doctrine of reasonable expectations is applicable to an insurance contract, there must be an ambiguity regarding the terms of that contract." Syl Pt. 2, *Robertson v. Fowler*, 475 S.E.2d 116 (W.Va. 1996). The *Robertson* court did not reference either *Keller* or *Costello*.

*Robertson* might very well be an implicit abrogation of *Keller* or *Costello*, but this Court does not need to make such a holding explicit to find that plaintiff cannot recover from Belinda Call

or Insurance Systems under the doctrine of reasonable expectation of insurance coverage.  Both *Keller* and *Costello* were situations in which an insurance agent took affirmative action or made specific statements which created a misconception regarding the coverage of the insurance policy.[1] Neither involved a situation in which an agent was held liable for an act solely undertaken by the insurance provider.

Here, the basis of the plaintiff's claim, and each of his causes of action, is that John Alden Life Insurance Company improperly applied the pre-existing condition in his policy.  Allegations against Belinda Call and Insurance Systems are based upon their "representations that John Alden Life Insurance Company was a reputable company and would cover him if the need should arise." Pl., Thomas Hill's Resp. To Defs. Belinda Call and Insurance Sys. Inc.'s Motion to Dismiss (Doc. 38) at 3.  The alleged misrepresentations were in regard not to the terms of the policy, but the character of the insurance provider.

Neither *Keller* nor *Costello* stretches the doctrine of reasonable expectation of insurance coverage so far that an insurance agent may be held liable for the unilateral decision of the insurance provider, when no representations are made regarding that future decision.  Although the plaintiff complains that Belinda Call and Insurance Systems made representations that coverage would exist, it is clear that this is not like the situation in *Keller* where an agent cancelled an insurance policy without the informing the beneficiary or policy holder.  No one claims that the policy did not exist

-------

[1]Two United States District Courts in the Souther District of West Virginia (including this one) have refused to find defendants fraudulently joined when a cause of action was stated under the reasonable expectation of insurance doctrine.  *See Call v. Protective Life Ins. Co.* (Civil Action No.  3:06-0068) (June 28, 2006); *see also Lawson v. American General Assurance Company*, 455 F.Supp.2d 526 (S.D. W.Va. 2006).  In both of these cases, however, the respective complaints contained allegations of specific material misrepresentations which created an expectation of coverage.  No specific misrepresentations are alleged here.

at the time of treatment; the parties simply disagree on the application of the pre-existing injury exclusion in the claim. The plaintiff did not (and could not, without undermining his own claim) allege that Belinda Call and Insurance Systems made specific misrepresentations about the application of the pre-existing injury provision. They cannot recover from these defendants under the doctrine of reasonable expectation of insurance coverage.

B. *Plaintiff Cannot Recover From Defendants Belinda Call and Insurance Systems, Inc. Under the West Virginia Unfair Trade Practices Act.*

Plaintiff's second cause of action against Belinda Call and Insurance Systems, Inc. is for "Unfair Claim Settlement Practices" under the West Virginia Unfair Trade Practices Act. Am. Compl. (Doc. 28) at 8. The complaint provides, "Defendants, Belinda Call and Insurance Systems, Inc., through their representations misrepresented coverage to the plaintiff in violation of the West Virginia Code. . . ." *Id.* at 9. This allegation is aimed at W.Va. Code § 33-11-4(9)(a), which is entitled "*Unfair claim settlement practices*." The provision provides. "No person shall commit or perform with such frequency as to indicate a general business practice any of the following: (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. . ." *Id.*

Plaintiff's claims under the Act fail for two reasons. First, the plaintiff does not allege anywhere that Belinda Call or Insurance Systems made misrepresentations regarding coverage with such frequency as to indicate a general business practice. The complaint lacks any statements referring to repeated personal experience with such conduct or knowledge about other customers subjected to unfair claim settlement practices. Second, with these allegations, the plaintiff is again trying to hold insurance agents liable for the provider's unfavorable decision. There are no allegations of specific misrepresentations regarding pertinent facts or policy provisions.

Belinda Call and Insurance Systems are both citizens of West Virginia; so is the plaintiff. John Alden has its corporate headquarters in Milwaukee Wisconsin. There is no allegation that John Alden is a citizen of West Virginia for the purposes of subject matter diversity. Having found that the two non-diverse defendants were fraudulently joined, diversity is complete. Plaintiff's motion for remand must be **DENIED.**

**II.     Belinda Call and Insurance Systems are Dismissed.**

Belinda Call and Insurance Systems have filed a motion to dismiss the counts alleged against them. (Doc. 36) As the Court has already found that there is no possibility of recovery from these defendants, they must be dismissed from this action. The plaintiff clearly has not stated a plausible claim against them. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007) (holding that to survive a motion to dismiss a complaint must state enough facts to be "plausible on its face.").

<strong>Conclusion</strong>

For these reasons, Plaintiff's motion for remand (Doc. 5) is **DENIED**. Defendants Belinda Call and Insurance Systems Inc.'s motion to dismiss  (Doc. 36) is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 18, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE